## AULD et al. v. DOWDY. (No. 7276.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1925. Rehearing Denied Feb. 11, 1925.)

Venue ⬅28—Venue of action to recover commissions for sale of defendant's farm held not in county where farm was located.

Venue of action to recover commissions for sale of defendant's farm was not in county where farm was located, where defendant had never lived on farm, and he and his family were only temporarily in county, and fully intended to, and did, return to county in which they had made their home for 14 years.

Appeal from District Court, Real County; R. H. Burney, Judge.

Action by John Auld and others against Ben Dowdy. From the judgment for defendant on his plea of privilege, plaintiffs appeal. Affirmed.

W. D. Love and Ditzler H. Jones, both of Uvalde, for appellants.
Wm. J. Park and O. B. Black, both of San Antonio, for appellee.

FLY, C. J. Appellants sued appellee to recover $175, in a justice's court, alleged to be due for commissions for procuring a buyer for lands of appellee in Real county. Appellee pleaded his privilege to be sued in Johnson county. The issue was submitted to a jury in the district court to which it had been appealed, as the county court had been deprived of its jurisdiction over civil cases in Real county, and the jury found that the residence of appellee was in Johnson county, and a judgment was rendered transferring the cause to precinct No. 1 of Johnson county.

The uncontroverted evidence showed that appellee's residence was in Cleburne, Johnson county, and that he and his family were only temporarily in Real county, and fully intended to return and did return to Johnson county, where they had rented a house in Cleburne, and placed their furniture preparatory to living in it. They had lived in Cleburne for 14 years. Appellee had a farm in Real county, on which he had never lived and which he was endeavoring to sell. Appellants are seeking to recover commissions for their efforts in obtaining a purchaser for appellee's farm.

It would not matter what error the court might have committed in refusing certain charges, under proper circumstances, under the facts of this case the court might with perfect propriety have instructed the jury to find for appellee. The evidence is convincing and beyond question that appellee's residence is in Johnson county.

The judgment is affirmed.